

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00026-CR

_____

MIKE BOKO KANUBUNA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1706220

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Mike Boko Kanubuna pled guilty to sexual assault, a second-degree felony, and the trial court sentenced him to five years' deferred adjudication community supervision.[1]  *See* TEX. PENAL CODE ANN. § 22.011(a)(1).  The State filed a motion to adjudicate Kanubuna guilty. After a contested hearing on the State's motion, the trial court adjudicated Kanubuna guilty and sentenced him to fifteen years' imprisonment.  Kanubuna appeals.

Kanubuna's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal is without merit and that no reversible error appears in the record.  We have conducted an independent review of the entire record and the *Anders* brief.  We affirm the trial court's judgment.

Kanubuna's appellate counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal.  The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings.  Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*.  *See Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 22, 2026, appellate counsel mailed to Kanubuna copies of the brief and a motion to withdraw.  Kanubuna was informed of his right to review the record, and appellate

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

counsel included a copy of a motion for pro se access to the appellate record. By letter dated April 23, 2026, this Court informed Kanubuna that his pro se motion for access to the appellate record was due on or before May 8, 2026. We received neither a pro se motion for access to the appellate record from Kanubuna nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[2]

Jeff Rambin
Justice

Date Submitted:    June 29, 2026
Date Decided:    July 23, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

3